# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KRISTIE DAWN MADSEN,<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:05CR625DAK<br><br>**Judge Dale A. Kimball** |

　　　　This matter is before the court on Defendant Kristie Dawn Madsen's motion for early termination of supervised release. On December 6, 2006, the court sentenced Defendant to 92 months incarceration with the United States Bureau of Prisons followed by a 60-month term of supervised release. In April 2011, Defendant was released from custody and began serving her term of supervised release. Therefore, Defendant's term of supervised release is not scheduled to terminate until April 2016.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

The court has contacted Defendant's probation officer and learned that he does not oppose early termination. Defendant has complied with all the terms of her supervised release and, according to her probation officer, is one of his highest functioning clients. Defendant has undergone several treatment programs and has had consistently clean drug tests. She has gone through counseling with her children to help in their transition back to her care. Her mother reports that the family is well functioning and supportive. Her mother also indicates that Defendant has had no contact with her past friends and associates and that Defendant has made new friends who also focus on work and raising their families. While incarcerated, Defendant used the time to complete her education, receive treatment, and gain skills to become employed after her release. Defendant has been steadily employed while on supervised release. Her supervisor and several co-workers wrote letters on her behalf praising her dependability and work ethic. The letters submitted with Defendant's motion demonstrate that she has a good support network around her. The court realizes that Defendant has served only a small portion of the five-year term of supervised release. However, the court believes that Defendant's conduct demonstrates that she has completely turned her life around. Based on Defendant's conduct during her term of supervised release, the court finds that an early termination of supervised release is warranted. Accordingly, the court GRANTS Defendant's motion for early termination

of supervised release.

DATED this 14th day of November, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge